**FILED**

# United States District Court
### Eastern District of North Carolina
### Western Division

DEC 0 2 2019

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Case No. 5:19-CT-3356

(To be filled out by Clerk's Office only)

Burl Washington
_____

Inmate Number 34793-044

*(In the space above enter the full name(s) of the plaintiff(s).)*

## COMPLAINT
### (*Pro Se* Prisoner)

-against-

Jury Demand?

☑ Yes

☐ No

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

---

### <u>NOTICE</u>

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

SEE: Pages 1-27

## I.   COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☒   42 U.S.C. § 1983 (state, county, or municipal defendants)

☒   Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☒   Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II.   PLAINTIFF INFORMATION

_Burl Washington_
Name

_34793-044_
Prisoner ID #

_FCC Butner_
Place of Detention

_PO Box 1000_
Institutional Address

_Butner_     _NC_     _27509_
City        State    Zip Code

## III.   PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐   Pretrial detainee   ☐ State   ☐ Federal

☐   Civilly committed detainee

☐   Immigration detainee

☐   Convicted and sentenced state prisoner

☒   Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: MArk S. Inch
Name

Director  from May 2018 to August 2019
Current Job Title

320 First Street, NW
Current Work Address

Washington                    DC                    20534
City                          State                 Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Defendant 2: Dr. Lawrence Sichel
Name

Clinical Director
Current Job Title

FCC Butner, Old Highway 75  Butner,
Current Work Address

Butner                        NC                    27509
City                          State                 Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

20  NAMED DEFENDANTS. SEE PAGES 3-4E

3

**Defendant(s) Continued**

Defendant 3: <u>M. Van Sickle, ANP-BC</u>
    Name

<u>Physician's Assistant</u>
    Current Job Title

<u>FCC Butner, Old Highway 75, Butner 1</u>
    Current Work Address

<u>Butner</u>          <u>NC</u>  .     <u>27509</u>
    City              State       Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


Defendant 4: <u>Catherine Kaminski</u>
    Name

<u>Occupational Therapist</u>
    Current Job Title

<u>FCC Butner, Old Highway 75, Butner 1</u>
    Current Work Address

<u>Butner</u>          <u>NC</u>      <u>27509</u>
    City              State       Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

20  NAMED DEFENDANTS. SEE PAGES 3-4E

Defendant 5: Name: Mrs Daniels.
Current Job Title: Health Systems Administrator
Current Work Address: FCC Butner, Old Highway 75, Butner 1
City: Butner   State: NC   Zip 27509
Capacity in which being sued: Official Capacity and Individual

Defendant 6: Name: Ms. Rosario, C.
Current Job Title: Nurse
Current Work Address: FCC Butner, Old Highway 75, Butner 1
City: Butner   State: NC   Zip: 27509
Capacity in which being Sued: Official Capacity and Individual capacity

Defendant 7: Name: Mrs. Woodly
Current Job Title: Inmate Companion Program Coordinator
Current Work Address: FCC Butner, Old Highway 75, Butner 1
City: Butner  State: NC   Zip: 27509
Capacity in which being Sued: Official Capacity and Individual Capacit

Defendant 8: Name: Mr. Taylor
Current Work Title: Counselor
Current Work Address: FCC Butner, Old Highway 75, Butner 1
City: Butner   State: N.C.   Zip: 27509
Capacity in which being sued: Official Capacity and Individual Capacity

5

Defendant 9: Name: L. Ruffin

    Current Job Title: Physician's Assistant, NPC

    Current Work Address: FCC Butner, Old Highway 75, Butner 2

    City: Butner  State: NC  Zip: 27509

    Capacity in which being sued: Official Capacity and Individual Capacit,

Defendant 10: Name: C Metzger

    Current Job Title: Disciplinary Hearing Officer

    Current Work Address: FCC Butner, Old Highway 75, Butner 2

    City: Butner  State: NC  Zip: 27509

    Capacity in which being sued: Official Capacity and Individual Capacity

Defendant 11: Name: David Lowe

    Current Job Title: Physician's Assistant

    Current Work Address: FCC Butner, Old Highway 75, Butner -Low

    City: Butner  State: NC  Zip 27509

    Capacity in which Being sued: Official Capacity and Individual capacity

Defendant 12: Name: B. Coor

    Current Job Title: Correctional Officer

    Current Work Address: FCC Butner, Old Highway 75, Butner -Low

    City: Butner  State: NC  Zip: 27509

    Capacity in which being sued: Official Capacity and Individual capacity

Defendant 13: Name: Mr. Baker

      Current Job Title: Correctional Officer

      Current Work Address: FCC Butner, Old Highway 75, Butner-Low

      City: Butner   State: NC   Zip: 27509

      Capacity in which being sued: Official Capacity and Individual Capacity


Defendant 14: Name: D. J. Harmon

      Current Job Title: Regional Director

      Current Work Address: 302 Sentinel Drive, Suite 200

      City: Annapolis Junction   State: MD   Zip: 20701

      Capacity in which being sued: Official Capacity and Individual Capacity


Defendant 15: Name: D. J Harmon

      Current Job Title: Regional Clinical Director

      Current Work Address: 302 Sentinel Drive, Suite 200

      City: Annapolis Junction   State: MD   Zip: 20701

      Capacity in which being sued: Official Capacity and Individual Capacity


Defendant 16: Name: Dr. Stock

      Current Job Title: Federal Correction Complex Clinical Director

      Current Work Address: FCC Butner, Old Highway 75, Federal Medical Center

      City: Butner   State: NC   Zip: 27509

      Capacity in which being sued: Offical Capacity and Individual Capacity

Defendant 17: Name: Mr. Denson

    Current Job Title: Counselor

    Current Work Address: FCC Butner, Old Highway 75, Butner-1

    City: Butner State: NC Zip: 27509

    Capacity in which being sued: Official Capacity and Individual Capacity


Defendant 18: Name: Mr. Martin

    Current Job Title: Counselor

    Current Work Address: FCC Butner, Old Highway 75, Butner-1

    City: Butner State: NC Zip: 27509

    Capacity in which being sued: Official Capacity and Individual Capacity


Defendant 19: Name: Mr. Wade

    Current Job Title: Counselor

    Current Work Address: FCC Bunter, Old Highway 75, Butner-Low

    City: Butner State: NC Zip: 27509

    Capacity in which being sued: Official Capacity and Individual Capacity


Defendant 20: Name: Kathleen Hawk Sawyer

    Current Job Title: Director From August 19 2019 to November 21 2019

    Current Work Address: 320 First Street, N.W.

    City: Washington State: DC Zip: 20534

    Capacity in which being sue: Official Capacity and Individual Capacity

8

Defendant 21: Name: Federal Bureau Prisons

Current work Address: 320 First Street, N.W.

City: Washington State: DC 20534

Capacity in which being sued: Official capacity and Individual capacity

Defendant 22: Name: United States of America

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _FCC Butner_

Date(s) of occurrence: _May 28 2018 to November 21 2019_

State which of your federal constitutional or federal statutory rights have been violated:

_§504 of the Rehabilitation Act, and the 8th Amendmet of The United States Constitution_

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

**FACTS:**

_RETALIATION AND DISCRIMINATION AND CRUEL AND UNUSUAL PUNISHMIET AND DELIBERATE INDIFFERENCE AND NEGLEGENCE AND RECKLESS, WILLING, WANTON CONDUCT: GROSS NEGLEGENCE CLAIM_

Who did what to you?

_Defendant: Inch/Sawyer, : In retaliation to case#5:16-CV-03913-BHH-KDW conspired with Defendants: Federal Bureau of Prisons, Harmon, D. J. Harmon, , Dr Stock, Lowe, VanSickle, Ruffin, Kaminski, Dr. Sichel, Daniels, Rosario, Woodly, Wade, Taylor, Denson, Martin, Baker, Coor, Metzger and continued to house Plaintiff at institutions that discriminate and/or deny and/or interfere and/or delay adequate medical care and assistance including failing to administer eye drops as prescribed by Plaintiff's glaucoma specialist and/or as medically necessary, causing unnecessary injury, pain, suffering, hardship, and mental angish._

10

## Statement of Relevant Facts

Plaintiff filed a prisoner's civil rights complaint in the State of South Carolina in December 2016 naming the Federal Bureau of Prisons as a defendant. Trial in this matter is set for March 2020. SEE: case # 5:16-CV-03913-BHH-KDW.

Plaintiff was transfered from the State of South Carolina in February 2018, to be transfered and housed at FCC Butner in North Carolina on or about May 28 2018.

A preliminary injuction was filed in the case of 5:16-CV-03913-BHH-KDW on or about June 5, 2018 and granted on or about August 6 2018 and a court order issued on or about November 20 2018.

Mark Inch being the Director of the FBOP from Apirl 2018 to August 2019, and Kathleen Sawyer being the Director of the FBOP from August 2019 to November 2019, both knew of, or should have know of, the preliminary injuction and order and there relationship to FCC Butner, N.C. And/or at the least both was aware and had full knowledge of their constitutional obligation to provide Plaintiff timely and adequate medical care and assistance.

As of August 2018 Mark Inch had full knowledge of South Carolina case #5:16-CV-0391. BHH-KDW and of the preliminary injuction and of all grievances recently filed by Plaintiff.

March Inch ignored and disregarded the court's recommendation pursuant to the preliminary injuction and conspired with prison officials and employees working and operating outside the jurisdiction of the South Carolina court; to deny Plaintiff the grievance process, and adequate medical care and assistance ; for the sole purpose of punishment.

Mark Inch denied Plaintiff the grievance process at the central Office level. (SEE: Remedy ID #987016-A1); to deny Plaintiff a transfere and housing at FCC Butner Medical Center the only type of institution in the BOP capable of providing Plaintiff adequate medical care. (SEE: Preliminary injuction): ALSO SEE: (Remedy ID #987016-FI, and R1.)

As of September 2019 Kathleen Sawyer had full knowledge of South Carolina case 5:16-cv-03913-BHH-KDW and of the preliminary injuction and all grievances recently filed by Plaintiff.

Kathleen Sawyer continued to ignore and disregard the court-order pursuant to the preliminary injuction and continued to conspired with prison officials and employees working and operating outside the juisdiction of the South Carolina court to deny Plaintiff the grievance process, and adequate medical care and assistance; for the sole purpose of punishment.

Kathleen Saywer denied Plaintiff the grievance process at the Central Office level. (SEE: Remedy ID #946599-A1); To deny Plaintiff's grievance access to the courts. Of which states [F BOP, PA VanSickle followed policies, procedures, and practices reguarding the manageme and the administration of my medications and medical care. Has been and is inadequate and equivalent to torture. In that the applied practies inflicked injury, pain and suffering, and was no and is not specifically in line with or a reasonable modification of my glaucoma specialist's prescribed treatment. (SEE: Medical Records.) PA VanSickle is a threat to my safety and health. And I live in fear of my safety and health under the care of PA Van Sickle. I have filed two informal resolutions and file a BP-9. No responce in all cases. This is my second BP-9 filed. ] (SEE: Remedy ID#: 946599-FI and

Mark Inch and Kathleen Sawyer conspired with prison officials and perfected discrination, Cruel and unusual punishment including deliberate indifference. SEE:

Case 5:19-ct-03356-FL   Document 1   Filed 12/02/19   Page 12 of 27

# DISCRIMINATION

Discrimination on the basis of a disability in violation of §504 of the Rehabilitation Act against defendant: The Federal Bureau of Prisons, Harmon, Wade, Baker, Coor, Taylor, Martin, Denson, Woodly, Daniels, and Kaminski. (29 U.S.C. §794)

The Rehabilitation Act provides that no "qualified individual with a disability... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination... under any program or activity conducted by any Executive Agency." (29 U.S.C. §794(a))

Plaintiff is blind and therefore is a qualified individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. §705(20)

The BOP is an executive agency within the meaning of the Rehabilitation Act, 29 USC §794.

DOJ regulations implementing the Rehabilitation Act require the BOP to "furnish appropriate auxiliary aids where necessary to afford a handicapped person an equal opportunity to participate in and enjoy the benefits of, a program or activity conducted by the BOP." (28 C.F.R. §39.160(a)(1)(i).)

Auxiliar aids for visually impaired persons include, but are not limited to, "readers, Brailled materials, audio recordings, and telecommunications devices." 28 C.F. §39.103. As identified by the BOP in its Form 2612C, entitled "Reasonable Accommodations for Sensorially Disabled," items to be provided blind inmates include orientation and mobility instruction, mobility assistants, guidance canes, sunglasses for indoor use, talking watches, Braille materials, and special padlocks.

Case 5:19-ct-03356-FL    Document 1    Filed 12/02/19    Page 13 of 27

13

Defendant: Inch/Sawyer in retaliation to case # 5:16-CV-03913-BHH-KDW, conspired with Defendants: Woodly, Daniels, and Kaminski to discriminate; deny and/or interfere and/or delay Plaintiff the tools and assistance necessary for him to participate in BOP's programs and activities to the same extent as non-disabled prisoners. Defendants have failed to provide Plaintiff with, among other things, a properly trained inmate companion to assist with activities of daily living, instruction in reading and writing Braille to enable communication with others, and use of the BOP's educational programs, and access to a full-length white cane to assist in walking around the prison compound.

As identified by the BOP in its Form "Federal Bureau of Prisons: Federal Correctional Complex Butner, N.C.: Inmate Handbook: page 4 Subtitle: Counselor," outlines the function and services of the Counselor as: "the counselor provides counseling and guidance for the inmates of the unit in areas of institutional adjustment, personal difficulties and plans for the future... The counselor is the individual to approach for daily problems. As a senior staff member the Counselor provides leadership and guidance to other staff in the unit. They hold major responsibilities for the security, safety, and sanitation of the unit."... and more.

Defendant: Inch/Sawyer in retaliation to case #5:16-CV-03913-BHH-KDW, conspired with Denfendants: Taylor, Denson, Martin, and Wade to discriminate; deny and/or interefere and/or delay Plaintiff the benefits of counseling and guidance in the unit in areas of institutional adjustment, and personal difficulties ... and: the benefits of leadership and guidance with other staff members in the unit regarding Plaintiff's safety; as a blind inmate.

As identified by the BoP in its Form "Federal Bureau of Prisons: Federal Correctional Complex Butner, N.C.: Inmate Handbook: page 4 Subtitle: Unit Officer," outlines the

functions and services of the unit officer as: "The Unit Officers have direct responsibility for the day to day supervision of inmates and the enforcement of rules and regulations. They have safety, security and sanitation responsibilities in the unit. Unit Officers are in regular contact with inmates in the units and are encouraged to establish professional relationships with them, as long as such interactio does not interfere with their primary duties. ..."

Defendant: **Mark Inch** in retaliation to Case # 5:16-CV-03913-BHH-KDW, conspired with Defendants: Baker and Coor to discriminate; deny and/or interfere and/or delay Plaintiff the benefits of Unit Officers responsibilities in the areas of safety, and security ... and establishing a professional relationship with Plaintiff, as a blind inmate.

Defendants failure to provide Plaintiff with necessary tools and assistance has resulted in Plaintiff being unable to communicate effectively with others; deprived of knowledge of important daily activities that are announced in writing; subjected to disciplinary action; and at risk of physical harm, both from physical hazards that Plaintiff is unable to detect and from assult by other inmates and from assults by staff members.

As a proximate result of Defendants' violations of the Rehabilitation Act, Plaintiff has suffered, and continues to suffer, discrimination; unequal treatment; exclusion (including exclusion from Defendants' services, benefits, activities, programs, and privileges); loss of dignity; frustration; humiliation; emotional pain and suffering; anxiet, trauma; embarrassment; unnecessary loss of rights and privilegs, including unnecessary disciplinary measures; and serious injury to his physical and mental health, including the injuries specified herein.

Defendants' failure to comply with the Rehabilitation Act has resulted in harm to the

Plaintiff for which Defendants are liable. Plaintiff seeks compensatory damages and punitive damages. SEE: Page 24 herein.

## CRUEL AND UNUSUAL PUNISHMET

Violation of The United States Constitution's prohibition of "Cruel and Unusual punishment" against Defendants: Federal Bureau of Prisons, Inch, Sawyer, Harmon, D. J. Harmon, Dr. Stock, Lowe, Ruffin, Dr. Sichel, Van Sickel, Kaminski, Daniels, Rosario, Woodly, Metzger, Wade, Taylor, Denson, Martin, Baker, and Coor.

The Eighth Admendment of The United States Constitution prohibits "Cruel and Unusual punishments," including deliberate indifference to prisoners' serious medical needs.

Defendants have deprived, and continue to deprive, Plaintiff of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment

Cruel and unusual punishment is defined as: Punishment that is torturous, degrading, inhuman, grossly disproportionate to the crime in question, or otherwise shocking to the moral sense of the community.

Defendant: Inch Sawyer in retaliation to case # 5:16-CV-03913-BHH-KDW, conspired with Defendants: Harmon, D. J. Harmon, Dr. Stock, Lowe, Ruffin, Dr. Sichel, and Van Sickle to discrimin and/or deny and/or interfere and/or delay Plaintiff 2 medically necessary and secheduled surgeries, and 1 medically necessary surgery, including glaucoma surgery, cataract surgery, and hemorrhiod surgery, and access to a low-vision specialist, for the sole purpose of

punishment: maxiumizing Plaintiff's vision loss, physical pain and suffering and emotiona pain and suffering.

Defendants: Inch/Sawyer in retaliation to case #5:16-cv-03913-BHH-KDW, conspired with Defendants: Dr. Stock, Lowe, Ruffin, Dr. Sichel, Van Sickle, Daniels, and Rosario to discriminate and/or deny and/or interfere and/or delay Plaintiff a specific type of medically necessary medication prescribe by Plaintiff's glaucoma specialist, and assistance with administration of medication as prescribed by Plaintiff's glaucoma specialist and access to a low-Vision specialist, and treatment for an inflamed exturnal hemorrhied, for the sole purpose of punishment: maxiumizing Plaintiff's vision loss, and pain and suffering, and emotional pain and suffering.

Defendant: Inch/Sawyer in retaliation to case #5:16-cv-03913-BHH-KDW, conspired with Defendants: Wood Daniels, and Kaminski to discriminate and/or deny and/or interfere and/or delay Plaintiff a proper trained inmate companion to assist with activities of daily living, and instruction in reading and writing Braille to enable communication with others, and access a full-length white cane to assist in walking around the compound, and special padlocks, for the sole purpose of punishment: maxiumizing Plaintiff's humiliation, loss of dignity, frustration, and emotional pain and suffering.

Defendant: Inch/Sawyer in retaliation to case# 5:16-cv-03913-BHH-KDW, conspired with Defendants: Wade, Taylor, Densen, Martin, Baker, Coor, and Metzger to discriminate and/or deny and/or interfere and/or delay Plaintiff 1) the benefits of: counseling and guidance in the areas of institutional adjustment and personal difficulties. And 2) the benefits of: the Counselor providing leadership and guidance with other staff members in the unit regarding Plaintiff's safety, as a blind inmate. And 3) the benefits of: the Unit Officer's responsibility in the areas of safety and security. And 4) the benefit of: the Unit Officer establishing a professional relationship with Plaint as a blind inmate. For the sole purpose of punishment: denying Plaintiff his rights and privileges thru disciplinary sanctions; including, but not limited to: denying Plaintiff any and all communications with his

family and friends for seven months, and Plaintiff being assaulted by staff (B. Coor), and unnecessary loss of Good Time Credit, and a retaliatory transfer to a higher security institution with fewer privileges, and unequal treatment during the disciplinary process.

Defendant: Inch/Sawyer in retaliation to Case #5:16-cv-03913-BHH-KDW, conspired with Defendant: Federal Bureau of Prisons Office of General Counsel to discriminate and/or deny and/or interfere and/or delay Plaintiff the administrative remedy process at the centeral Office level. SEE: (Remedy ID # 946599-A1 mail certified. SEE: Tracking # 70171000000085843772. Delivered on September 10th, 2018. ALSO: SEE: administrative remedy # 987016-A1 mail certified. SEE: Tracking # 70171000000085849296. Delivered on October 24, 2019.) For the sole purpose of punishment: deny Plaintiff's grievances access to the court.

## NOTE: CERTIFED MAIL TRACKING SHEET CAN BE VIEWED at WWW. USPS.com WITH USE OF THE TRACKING #

Defendants have knowledge of the unconstitutional conditions to which Plaintiff was and continues to be, subjected to. Plaintiff submitted numerous written complaints to staff at FCC Butner, as well as, BOP's Mid Atlantic Regional and Central Offices, requesting access to medical specialists, and new inmate companions, and seeking to have Defendant comply with his physicians' orders, as well as informing administrative officials of false and fabricated scenarios written in incident reports and being assaulted by staff, as well as retaliatory, discriminatory, and deliberate indifference, and neglectful acts committed by staff.

Defendants' failure to comply with the Eighth Admendment has caused Plaintiff to suffer persistent pain, frustration, anxiety, and accelerated vision loss. Defendants conduct will continue to cause Plaintiff harm as he remains in the custody of the BOP and his condition progresses, unless and until Defendants are ordered by this Court to mod

18

their policies, practices, and procedures pursuant to the Eighth Amendment.

By reason of the foregoing, Plaintiff seeks compensatory damages, and punitive damages, and declaratory and injunctive relief to force Defendants to comply with their obligations under the Eighth Amendment. SEE: Page 24 herein.

## CRUEL AND UNUSUAL PUNISHMENT

Violation of the United States Constitution's prohibition of cruel and unusual punishment against Defendants. Mark Inch, Harmon, Sawyer, D.J Harmon; Dr.Stock, Lowe, Wade, Baker, Coor, Ruffin, Dr. Sichel, VanSickle, Kaminski, Daniels, Rosario, Woodly, Taylor, Denson, Martin, and Metzger

Under "Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics," 403 U.S. 388 (1971), federal officials that violate constitutional rights may be liable to money damages. In particular, under "Carlson v. Green," 446 U.S. 14 (1980), federal officials may be sued for money damages for violating a prisoner's Eighth Amendment right to be free from cruel and unusual punishment. This includes the right to be free from deliberate indifference to both serious medical needs and risks of serious harm at the hands of other inmates or at the hands of any staff member.

Defendant: Inch/Sawyer in retaliation to case #5:16-cv-03913-BHH-KD W. a conspired with Defendants: Harmon, D. J. Harmon, Dr.Stock Lowe, Wade, Baker, Coor, Metzger, Ruffin, Dr.Sichel, VanSickle, Kaminski, Rosario, Daniels, Woodly, Taylor, Denson, and Martin to discriminate and/or deny and/or interfere and/or delay Plaintiff

timely and adequate medical care and assistance. (Defendants ignored and disregarded the express instructions of Plaintiff's treating glaucoma specialist that Plaintiff undergo gluacoma surgery and cataract surgery. And: Defendants ignored and disregarded the express instructions of Plaintiff's treating physician that hemorroid surgery is medically necessary and is the only treatment for Plaintiff's hemorroid condition. And: Defendants ignored and disregarded the fact that it is medically necessary and pursuant to FBOP policy that Plaintiff be provided a nurse to assist with medication administratio And: Defendants ignored and disregarded the fact that it is medically necessary that Plaintif be provided assistance with ambulation and assistance with routine daily living activitie be that a: nurse and/or companion and/or prison officials and/or equipment and/or devices. And: Defendants have ignored and disregarded the proper administration of Plaintiff's medications and have prevented Plaintiff from accessing his medications and other medically necessary items; such as darker sunglasses, special padlock, full-length white cane and adequately trained people to assist Plaintiff, by refusing treatment and ignor or altering Plaintiff's prescriptions); for the sole purpose of punishment. (Defendants have done the above mentioned despite being informed that the above accommodations are medicall necessary and failure to provide them will cause Plaintiff's condition to worsen, and Plaintif will suffer persistent pain, frustration, and anxiety, and acclerated vision loss); for which Defendants are liable. Plaintiff seeks compensatory damages and punitive damages. SEE Page 25 herein.

## MEDICAL MALPRACTICE & FTCA

Violation of the duty to provide health care in accordance with required standards of practice against Defendant: United States

20

Plaintiff repeats and realleges pages 1 through 20 hereof, as if fully set forth here in.

On May 28 2018 Plaintiff was transfered to FCC Butner, and from May 28 2018 through November 21 2019, Doctors: Stock and Sichel; and Physician Assistants: Lowe, Ruff and VanSickel; and Occupational Therapist: Kaminski; and Nurse: Rosario, were licensed to practice medicine in the State of North Carolina.

Along with: Inmate Companion Program Coordinator: Woodly and Health Systems Administrator: Daniels, Plaintiff became the patient of the nine (9) aboved named Defendants, and all named Defendants acted as an agent and employee of the United States during this time.

The actions and omissions described herein of Stock, Lowe, Ruffin, Sichel, VanSickle, Kaminski, Rosario, Daniels, and Woodly were made within the scope of their respective offices and employment within the BOP.

The United States; through, among others, Stock, Lowe, Ruffin, Sichel, VanSickle, Kaminsk Rosario, Daniels, and Woodly treated Plaintiff for glaucoma, cataract, hemorrhoid, and blindne (total vision loss).

The United States, through, among others, Stock, Lowe, Ruffin, Sichel, VanSickle, Kaminski, Rosario, Daniels, and Woodly, was negligent and deviated from the expected standards of skill, care and learning in its treatment of Plaintiff. More particularly, the United States was negligent in the following regards:
(1) Failed to provide medically necessary surgeries in a timely manner;
(2) Failed to provide medically necessary consultations with low vision therapists;
(3) Failed to provide health care services to Plaintiff in accordance with the standards of practice required;

(4) Failed to provide medically necessary pharmaceutical treatments in a routine, timely, and consistent manner;

(5) Failed to provide occupational therapy necessitated by the ocular conditions for which the United States was treating Plaintiff; c

(6) Failed to provide tools, assistance, and education necessitated by the ocular conditions for which the United States was treating Plaintiff; and

(7) Failed to, exercise due care in providing health care services to Plaintiff.

The acts, omissions, and delays of the United States as described above were grossly negligent, reckless, willful, and wanton.

As a direct and proximate result of the United States' negligence, gross negligence, and reckless, willful, and wanton conduct, Plaintiff was injured permanently in that he suffered:

(1) further vision loss;

(2) Multiple injuries directly caused by the inadequate assistance, education, and accommodations made for Plaintiff's loss of vision; and,

(3) Severe pain and suffering.

These injuries from lack of adequate assistance, education, and accommodation and the pain and suffering associated with; as well as, the pain and suffering from the denial of hemorrhoid surgery are ongoing and the further loss of vision is permanent.

These actions and omissions would subject a private health care provider to liability for medical malpractice under North Carolina law, making the United States a proper defendant pursuant to 28 U.S.C. §2674.

Plaintiff seeks compensatory damages and punitive damages. (SEE page 25 herein.)

Plantiff filed a Claim for Damage, Injury, or Death (Standard Form 95) on August 30 2018.

This Claim was accepted and received on August 30 2018 and considered for administrative Settlement Under 28 U.S.C. § 2675.

As Plaintiff has filed this Claim to the appropriate office. And, the appropria office has acknowledged receipt of Plaintiff's claim with an anticipated response date of April 4 2019. And:

As of November 4 2019 no response has been provide Plaintiff.

Defendants: Inch and Sawyer in retaliation to case# 5:16-cv-03913-BHH-KDW conspir with Defendants: Harmon and Butner Legal Center, Matthew Mellady, Regional Counsel to discriminate and/or deny and/or interfer and/or delay Plaintiff a response. and/or a final response to FTCA Claim# TRT-MXR-2018-00052; for the sole purpose of punishment. (To deny Plaintiff's claim acces to the court.) SEE: Acknowledgement of receipt Claim #TRT-MXR-2018-00052, Exhibit D4 (Includ

None the less: Plaintiff has properly exhausted the administrative remedy process. (SEE: Page 24) herein. And: Defendants: Federal Bureau of Prisons is aware and has full Knowledg of Plaintiff's FTCA claim. And: No logical reason exist for Plaintiff or Defendants to believe that the Butner Legal Center, Matthew Mellady, Regional Counsel would grant Plaintiff's FTCA claim and/or Plaintiff's settlement offer; making Plaintiff's FTCA claim properly brought before the court at this time. (END)

NOTICE: It is improtant to state that Plaintiff, Burl Washington, a federal inmate registration number 34793-044, is blind and had assistance with filling out this form. Future and adequate assista is not guaranteed.

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?   ☒ Yes   ☐ No

ALL ADMINISTRATIVE REMEDIES EXHAUSTED.
SEE: Remedy ID# 961286-F1,R1,A1. ALSO SEE: Remedy ID #
965734-F1,R1,A1. ALSO SEE: Remedy ID# 952303-F1,R1,A1;
ALSO SEE: Federal Tort Claim #TRT-MXR-2018-00052 Acknowledgement
of receipt, FTA Form 2 pages, and attachment #1 (ALL INCLUDED)

Is the grievance process completed?   ☒ Yes   ☐ No

SEE Exhibits: (In the order as Stated on Form): A1, A2, A3
A4, A5 and A6; and B1 and B2; C1 and C2; and D1,
D2, D3 and D4. (ALL INCLUDED)

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Discrimination on the basis of disabilty in violation of §504 of the Rehabilition
Act against the Federal Bureau of Prisons. Plaintiff seeks compensatory
damages and punitive damages in the amount of $10,000,000. AND:

Violation of The United States Constitution prohibition of cruel and
unusual punishment and deliberate indifference against the Federal Bureau
of Prisons. Plaintiff seeks compensatory damages and punitive damages

24

in the amount of $10,000,000, and declaratory and injunctive relief to force Defendant to comply with their obligations under the Eighth Amendment.

Violation of the United States Constitution prohibitation of cruel and unusual punishment and deliberate indifference against: Mark Inch, Harmon, Sawyer, D. J. Harmon; Dr. Stock, David Lowe, Wade, Baker, B. Coor, L. Ruffin, Metzger, Dr. L. Sichel, M. VanSickle, C. Kaminski C. Rosario, Mrs. Daniels, Woodly, Taylor, Denson, Martin, and others. Plaintiff seeks conpensatory damages and punitive damages in the amount of: $100,000 per each individual defendant.

Violation of the duty to provide health care in accordance with required standards of practice against defendant United States. Plaintiff seeks compensatory damages and punitive damages in the amount of $40,000,000.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?    ☒ Yes    ☐ No

If yes, how many? _____**1** 3_____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

Burl Washington Vs. Hodges  12:CV-854-GPM
Prisoners Civil Right Complaint
Dismissed without prejudice

Burl Washington Vs. Goldsborough  3:13-CV-613-NJR-DGW
Prisoners Civil Right Complaint
Dismissed without prejudice

Burl Washington Vs. Baugh  3:13-CV-614-NJR
Prisoners Civil Right Complaint
Dismissed without prejudice

→ Note: Plaintiff is blind and can not recall or locate all documentation.

26

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

November 21, 2019
**Dated**

**Plaintiff's Signature**

Burl Washington
**Printed Name**

34793-044
**Prison Identification #**

PO Box 1000                 Butner              NC        27509
**Prison Address**                   **City**              **State**    **Zip Code**